IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:20-CV-00401-D

| | |
|---|---|
| COLORADO BANKERS LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| INTRALAN INVESTMENTS LIMITED, | ) ) |
| Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

Having considered the motion from the parties, the Court GRANTS the motion and FINDS as follows:

1. Chapter 58 of the North Carolina General Statutes expressly exempts certain information from disclosure, absent a court order.

2. N.C. Gen. Stat. § 58-30-62(f) states that "all proceedings, hearings, notices, correspondence, reports, records, and other information in the possession of the Commissioner or the Department relating to the supervision of any insurer are confidential." This statute creates a "Statutory Privilege" governing certain documents that fall within its purview.

3. With respect to documents governed by the Statutory Privilege, the statutes provide for confidentiality but also allow the Court to order their production.

4. The Court finds that the interests of justice would be furthered by allowing Defendant access to such confidential materials in the possession of Plaintiff, provided Defendant agrees to maintain the confidentiality of the documents so obtained in accordance with the protective order in place in this action.

NOW, WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff shall produce all documents that have been withheld on the basis of Statutory Privilege under Chapter 58.

2. All documents subject to this Order are also governed by the parties' Consent Protective Order (Doc No. 40). Therefore, the information, documents, or material subject to this may be designated as Confidential by marking each page of the document or material in which the information appears as "Confidential." If the original is not produced, a party may mark the copies that are produced or exchanged in lieu of marking the original documents. If any copies are made of documents which are marked and/or subject to this Order do not display the confidentiality stamp, this does not change the status of the document. Any summaries of Confidential information shall be marked with the appropriate designation and shall be treated as Confidential information.

3. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant

the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

Dated: April 5, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge